IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CURTIS LYONS,

        Plaintiff,

v.                //     CIVIL ACTION NO. 1:10CV57
                                   (Judge Keeley)

COUNTY COMMISSION OF PRESTON, COUNTY,
WEST VIRGINIA, a public entity,

        Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 37], DENYING
AS MOOT DEFENDANT'S MOTION FOR RELIEF FROM THE
MEDIATION DEADLINE [DKT. NO. 46], AND DISMISSING
CASE WITH PREJUDICE**

## I. INTRODUCTION

Pending before the Court is the unopposed motion for summary judgment under Fed.R.Civ.P. 56 filed by the defendant, the County Commission of Preston County, West Virginia ("County Commission"). As discussed below, for good cause the Court **GRANTS** the County Commission's motion (dkt. no. 37).

## II. BACKGROUND

The plaintiff, Curtis Lyons's ("Lyons"), alleges that two officers of the Preston County Sheriff's Department violated his constitutional rights when arresting him on December 10, 2007. Based on these allegations, Lyons attempts to assert claims against the County Commission for the officers' violations of his

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 37], DENYING AS MOOT DEFENDANT'S MOTION FOR RELIEF FROM THE MEDIATION DEADLINE [DKT. NO. 46], AND DISMISSING CASE WITH PREJUDICE**

constitutional rights under 42 U.S.C. § 1983 ("§ 1983"), and for its failure to properly train the officers in violation of the common law of West Virginia.

In its motion for summary judgment, the County Commission argues that there is no evidence that Lyons suffered any constitutional violations, and that, in any event, it cannot be held liable under § 1983 because there is no evidence that the County Commission was the "moving force" behind the alleged violations.

### III.  DISCUSSION

Pursuant to Fed. R. Civ. P. 56(c)(1)(A), a party must establish the presence or absence of a genuine question of material fact by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials[.]"  Once a party moves for summary judgment by asserting that there are no genuine issues of material fact, "[t]he burden then shifts to the non-moving party to come forward with sufficient facts sufficient

2

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 37], DENYING AS MOOT DEFENDANT'S MOTION FOR RELIEF FROM THE MEDIATION DEADLINE [DKT. NO. 46], AND DISMISSING CASE WITH PREJUDICE**

to create a triable issue of fact." Temkin v. Frederick County Com'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

The County Commission moved for summary judgment after the parties conducted discovery. The Court informed Lyons of his right to file responsive material, and that, should he fail to respond, his case would be subject his case to dismissal (dkt. no. 42). Despite receiving this notice (dkt. no. 43), Lyons never responded to the motion, and the time for doing so has passed.

It is axiomatic that a municipality, such as the County Commission, cannot be held liable under 42 U.S.C. § 1983 when a plaintiff fails to demonstrate an underlying constitutional violation. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)(holding that, "[i]f a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point."). Moreover, even if a plaintiff such as Lyons could establish an underlying constitutional violation, he cannot hold a municipality

**LYONS V. COUNTY COMMISSION**                                    1:10CV57

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 37], DENYING
AS MOOT DEFENDANT'S MOTION FOR RELIEF FROM THE
MEDIATION DEADLINE [DKT. NO. 46], AND
DISMISSING CASE WITH PREJUDICE**

liable under § 1983 through a respondeat superior theory of liability. See City of Canton v. Harris, 489 U.S. 378, 385 (1989). In order to establish liability, he must demonstrate that the municipality was the "'moving force'" behind "'the constitutional violation.'" Polk County v. Dodson, 454 U.S. 312, 326 (1981) (quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978)).

Here, Lyons has failed to present any evidence that he suffered violations of his constitutional rights, or that the County Commission was the "moving force" behind his allegations of such violations. Accordingly, his § 1983 claim against the County Commission fails as a matter of law. Moreover, Lyons also has failed to provide any factual support for his common law claim that the County Commission failed to properly train or supervise the officers. Accordingly, this claim also fails, and the Court must dismiss it.

### IV. CONCLUSION

For the reasons discussed, the Court **GRANTS** the County Commission's motion for summary judgment (dkt. no. 37), **DENIES AS**

LYONS V. COUNTY COMMISSION                                         1:10CV57

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 37], DENYING
AS MOOT DEFENDANT'S MOTION FOR RELIEF FROM THE
MEDIATION DEADLINE [DKT. NO. 46], AND
DISMISSING CASE WITH PREJUDICE**

**MOOT** its motion for relief from the mediation deadline (dkt. no. 46), and **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

The Court directs the Clerk to enter a separate judgment order and to transmit copies both orders to counsel of record, and to mail copies to the <u>pro se</u> plaintiff, Curtis Lyons, via certified mail, return receipt requested.

Dated: May 25, 2011.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
